## Morine vs. Wilson ad. et al.

Five years continuous, peaceable, adverse possession of slaves vest a good title under the statute (*Dig.* 943), as held in *Machin vs. Thompson* (17 *Ark.* 199) and *Crabtree et al. vs. McDaniel* (*Ib.* 222.)

*Appeal from the Circuit Court of Monroe County in Chancery.*

Hon. CHARLES W. ADAMS Circuit Judge.

FOWLER & STILLWELL, for the appellant.

CUMMINS & GARLAND, for the appellee relied upon the statute of five years possession, citing the case of *Crabtree et al. vs. McDaniel,* 17 *Ark.* 222.

Mr. Justice SCOTT delivered the opinion of the Court.

This was a bill in chancery, alleging that complainant owning certain slaves, and being a refugee from the Island of St. Domingo, ignorant of our language and laws, and uneducated, and of weak understanding, was induced by the fair promises and persuasions of one Alexander Wiles, to execute a deed of gift to him, in the year 1838, for the aforesaid slaves, upon the conditions expressed in the deed, that complainant should have from him and his heirs a maintainance during her natural life. That in the year 1843, the said Wiles, having had in the meantime, the exclusive possession of the slaves ever after the execution of the deed of gift to him—re-conveyed a portion of them to the complainant, in consideration, as is expressed in the bill of sale, that complainant should release him from the maintainance before stipulated for. The complainant avers,

however, that the sole object was to place the slaves out of the reach of the creditors of Wiles, and to secure a settlement of them upon his wife. Accordingly, that on the 7th of July, 1845, the complainant, by deed of gift, conveyed the slaves to Mrs. Mahala Wiles absolutely, reserving nothing to herself, but relying upon the verbal promises of maintainance for her natural life, which were then repeated by both Alexander and Mahala. That from that time, the possession of the slaves remained with Alexander and Mahala, until their deaths respectively, the former having departed this life in April, 1847, and the latter in the month of December, 1850. That afterwards, the defendant Wilson took out letters of administration upon the estates, respectively, of Alexander and Mahala, and took possession of the slaves, as administrator, and still holds as such.

The relief prayed for was, that the deeds of gift executed by the complainant, might be declared fraudulent and void, and decreed to be delivered up and canceled; and that the title to the negroes might be divested out of the defendant as administrator, and out of the unknown distributees of Alexander and Mahala, and vested in the complainant; and for general relief.

The bill was filed the 6th of February, 1854. It was heard upon demurrer, which the Court sustained, and the complainant electing to stand upon her bill, it was dismissed, and she appealed.

There can be no doubt, but that the bill was properly dismissed. It was too late to recover the slaves under our statute, (*Dig.*, *p.* 943,) there having been, as is shown by the bill, more than five years continuous peaceable adverse possession of them after the 19th of December, 1846—the date of the approval of that statute—and before the filing of the bill. *Crabtree et al.* vs. *McDaniel*, 17 *Ark.* 222; *Machin* vs. *Thompson, id.* 199.

The decree will therefore be affirmed.

HANLY, J., not sitting in this case.